UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON D. CURRIE,<br><br>            Petitioner,<br><br>    v.<br><br>ALICE PAYNE,<br><br>            Respondent. | Case No.  C06-5429 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 20, 2007** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner challenges his 640 month sentence following his 1994 conviction for homicide by abuse. (Dkt. # 12, Exh. 1).  Petitioner filed this writ of habeas corpus on August 24, 2006.  (Dkt. # 6).  On February 15, 2007, Respondent filed a Statement of Cause for Filing Motion to Dismiss in Lieu of Answer (Dkt. # 14) and Motion to Dismiss Second or Successive Petition for Lack of Subject Matter Jurisdiction (Dkt. # 15).  Petitioner has not filed a reply.

Respondent argues that this Court should dismiss the petition for lack of subject-matter jurisdiction as Petitioner failed to comply with section 2244(b)(3) requirements.  After reviewing the Respondent's motion, with the attached state court proceedings, and the Court's own records, the undersigned agrees.  This is Petitioner's second habeas corpus petition.  Before filing, he was required to comply with the requirements of 28 U.S.C. § 2244(b)(3).  He has not done so.

REPORT AND RECOMMENDATION
Page - 1

Accordingly, this Court recommends that the file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## DISCUSSION

Petitioner has previously filed a habeas corpus petition with this Court, in Case No. C00-5485FDB, in which he challenged his conviction and sentence. That petition was dismissed as untimely. (Case No. C00-5485FDB, Dkt. # 12). The District Court and the Ninth Circuit Court of Appeals denied a certificate of appealability. (*Id.*, Dkt. # 16, 17). The Ninth Circuit also denied a petition for panel rehearing. (*Id.*, Dkt. # 18).

Ninth Circuit Rule 22-3 (a) states:

> (a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application Must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Section 2244(b)(3) required Petitioner to move the Ninth Circuit Court of Appeals for an order authorizing this Court to consider this petition. There is no indication in the records that Petitioner attempted to comply with the requirements of this section.

Accordingly, the instant petition should be treated as a "second or successive" petition and should be transferred in accordance with Rule 22-3(a).

## CONCLUSION

The Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
Page - 2

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 20, 2007,** as noted in the caption.

DATED this 2nd day of April, 2007.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3